IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JEREMY ROBERTSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | FILE NO. _____ |
| PINNACLE ASSET ) | |
| MANAGEMENT GROUP, LLC, ) | |
| and RODERICK V. BALL, SR., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW, JEREMY ROBERTSON, Plaintiff in the above-styled civil litigation, and files this, his Complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692a *et seq.* ("FDCPA") against Defendant PINNACLE ASSET MANAGEMENT GROUP, LLC and RODERICK V. BALL, SR. In support thereof, Plaintiff respectfully shows this honorable Court as follows:

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the instant action pursuant to 15

U.S.C. § 1692k(d).

3. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), as the acts and transactions giving rise to Plaintiff's action occurred in this district, Plaintiff resides in this State and this district, and Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Jeremy Robertson ("Plaintiff"), is a natural person who at all relevant times resided in Lawrenceville, Georgia (Gwinnett County).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, Pinnacle Asset Management Group, LLC ("Pinnacle") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Pinnacle is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant Roderick V. Ball, Sr. ("Ball"), at all times relevant to the instant matter, was Pinnacle's Chief Operating Officer ("CEO").

9. Upon information and good-faith belief, as Pinnacle's Vice President of Compliance, Ball was regularly engaged, directly and indirectly in the collection of Plaintiff's debt.

10. Upon information and good-faith belief, as Pinnacle's CEO, Ball was

personally involved, directly and/or indirectly, in the collection of Plaintiff's debt.

11. Upon information and good-faith belief, as Pinnacle's CEO, Ball was materially involved in the collection of Plaintiff's debt.

12. Upon information and good-faith belief, as Pinnacle's CEO, Ball materially participated in P.N.F.'s debt collection activities.

13. Upon information and good-faith belief, as Pinnacle's CEO, Ball was involved in the day-to-day operations of P.N.F.'s debt collection business.

14. Upon information and good-faith belief, as Pinnacle's CEO, Ball exercised control over the affairs of Pinnacle's debt collection business.

15. Upon information and good-faith belief, as Pinnacle's CEO, Ball was responsible for the development and implementation of Pinnacle's practices and procedures with regard to compliance with the FDCPA.

16. Ball is an individual who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

17. Ball is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

18. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendants.

19. The obligation that Defendants have asserted to be owed by Plaintiff

is allegedly due a creditor other than Defendants, and arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

20. Defendants use instrumentalities of interstate commerce or the mails for the purpose of collecting debts, and/or regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due to another.

21. On February 23, 2015 at 4:33 P.M., in connection with the collection of the Debt, Pinnacle placed a telephone call to Plaintiff, and at such time, left Plaintiff a voicemail message, which stated as follows:

> "This is Jonathan calling from Pinnacle regarding an account that has been assigned to us for review, please press 1 to speak to one of our dedicated account managers, or call (678) 809-1964."

22. Pinnacle's February 23, 2015 communication failed to notify Plaintiff that the call was from a debt collector.

23. Further, Pinnacle's February 23, 2015 communication failed to identify Pinnacle by its true and correct business name.

24. On March 4, 2015 at 5:08 P.M., in connection with the collection of the Debt, Pinnacle placed a telephone call to Plaintiff, and at such time, left Plaintiff a voicemail message, which stated as follows:

> "This is Jonathan calling from Pinnacle.  I'm calling from our account management department regarding an account that has been assigned

to us for review. It's important that we speak with you as soon as possible. Call (678) 809-1964. Once again, this in Jonathan calling from Pinnacle regarding an account that has been assigned to us for review, call (678) 809-1964."

25. Pinnacle's March 4, 2015 communication failed to notify Plaintiff that the call was from a debt collector.

26. Further, Pinnacle's March 4, 2015 communication failed to identify Pinnacle by its true and correct business name.

27. In its initial communication with Plaintiff, in connection with the collection of the Debt, Pinnacle failed to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.,* nor did Pinnacle provide Plaintiff with said disclosures within five (5) days of such initial communication.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(6)

28. Plaintiff incorporates herein by reference each allegations above as if restated in their entirety.

29. Pinnacle violated 15 U.S.C. § 1692d(6) by placing telephone calls to Plaintiff without meaningful disclosure of its identity.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Pinnacle violated the 15 U.S.C. § 1692d(6);

b) Adjudging that Ball is personally liable for the acts and/or omissions of Pinnacle;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(11)

30. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

31. Pinnacle violated 15 U.S.C. § 1692e(11) by failing to disclose in its initial communication with Plaintiff that it was attempting to collect a debt and that any information obtained would be used for that purpose, and by failing to disclose to Plaintiff in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Pinnacle violated 15 U.S.C. § 1692e(11);

b) Adjudging that Ball is personally liable for the acts and/or omissions of Pinnacle;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

g) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692g(a) *et seq.*

32. Plaintiff incorporates herein by reference each allegation above as if restated in their entirety.

33. Pinnacle violated 15 U.S.C. § 1692g(a) *et seq.* by failing to provide Plaintiff with the disclosures required pursuant to 15 U.S.C. § 1692g(a) *et seq.*, either in its initial communication with Plaintiff, or in writing within five (5) days thereof.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Pinnacle violated 15 U.S.C. § 1692g(a) *et seq.*;

b) Adjudging that Ball is personally liable for the acts and/or omissions of Pinnacle;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by law;

g) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

34. Plaintiff is entitled to, and hereby demands, a trial by jury.

Dated: June 2, 2015.

Respectfully submitted,

/s/Craig J. Ehrlich
Craig J. Ehrlich
Georgia Bar No. 242240
The Law Office of Craig J. Ehrlich, LLC
2300 Henderson Mill Road, Suite 300
Atlanta, Georgia 30345

(404) 365-4460
(855) 415-4460 (fax)
craig@ehrlichlawoffice.com

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1

The undersigned hereby certifies that the foregoing Complaint has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Time New Roman and a point size of 14.

/s/Craig J. Ehrlich
Craig J. Ehrlich